1  WO

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Franco Belizare,                ) No. CV-07-1988-PHX-FMJ (LOA)
                                   )
10         Plaintiff,               ) **ORDER**
                                   )
11  vs.                             )
                                   )
12                                  )
    Corrections Corporation of America, )
13                                  )
           Defendant.                )
14                                  )
                                   )
15

16    This matter arises on the Court's review of the parties' Joint Motion for Entry of Stipulated Protective Order. (docket # 12)  The parties seek a blanket protective order designating as "confidential" or "for counsel only" certain "medical records; financial, pricing and contractual information; confidential information regarding the security of a CCA facility; or personal information relating to current or former CCA personnel or current or former inmates." *Id*. at 1. If the lawyers deem any document to "contain information" or information "for counsel only," the proposed Order authorizes either lawyer to file the document under seal with the Clerk, without court approval, on the sole ground that a party simply "wishes to use" the document. (docket # 12-2 at 9)

   Paragraphs 14 and 15 of the Stipulated Protective Order provide:

   14. In the event a party wishes to use any "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information in any affidavits, briefs, memoranda of law, or other papers filed in Court in this litigation, such "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information used therein **shall be filed under seal** with the Court.

> 15. The Clerk of this Court is directed to maintain under seal all documents and transcripts of deposition testimony and answers to interrogatories, admissions and other pleadings filed under seal with the Court in this litigation which have been designated in whole or in part as "Confidential" or "For Counsel Only" (or "Attorneys' Eyes Only") information by a party to this action.

(docket # 12-2 at 9)

Historically, courts have recognized the public's "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc*., 435 U.S. 589, 597 & n. 7 (1978); *In Re Copley Press, Inc*., __ F.3d ___, 2008 WL 564976 (9th Cir., March 4, 2008). However, this right is not absolute and does not apply to "documents which have traditionally been kept secret for important policy reasons." *Id*. (citing *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)).

The Ninth Circuit has recently made clear that a party seeking to seal a judicial record pertaining to dispositive motions and trials bears the burden of overcoming this strong presumption of openness by meeting the "compelling reasons" standard before a document may be properly sealed. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Id*. However, sealing of documents attached to non-dispositive motions is treated differently. There is "an exception to the presumption of access to judicial records for a sealed discovery document attached to a non-dispositive motion, such that the usual presumption of the public's right of access is rebutted." *Id*. (internal quotation marks, brackets, emphases and citations omitted). The party seeking to seal a discovery document or a document attached to a non-dispositive motion must meet the lower standard pursuant to Fed. R. Civ. P. 26(c). *Foltz v. State Farm Mut. Auto. Ins. Co*., 331 F.3d 1122, 1135 (9th Cir. 2003) (discussing *Phillips v. General Motors Corp*., 307 F.3d 1206 (9th Cir. 2002)); *Kamakana*, 447 F.3d at 1180.

1 Under Rule 26(c), FED.R.CIV.P., the district court, for good cause shown, "may 2 make any order which justice requires to protect a party . . . from annoyance, embarrassment, 3 oppression or undue burden or expense, including one or more of the following: . . . (7) that 4 a trade secret or other confidential research, development, or commercial information not be 5 revealed or be reveled only in a designated way . . . . " Fed.R.Civ.P. 26(c). "Any such order 6 . . . requires that the court's determination identify and discuss the factors it considered in its 7 good cause examination . . . ." *Foltz*, 331 F.3d at 1130 (internal quotation marks and citation 8 omitted). "A party asserting good cause bears the burden, for each particular document it 9 seeks to protect, of showing that specific prejudice or harm will result if no protective order 10 is granted." *Id*.

11 "[B]road allegations of harm, unsubstantiated by specific examples or 12 articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins.* 13 *Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Moreover, judges decide whether "good cause" or 14 "compelling reasons" exist to seal proceedings or documents, not lawyers. The public, 15 however, has no First Amendment right to access the transcripts of the closed portions of the 16 hearings on motions to seal. *In Re Copley Press,* 2008 WL 564976, at * 3 - * 4 (discussing 17 what portions of cooperation plea agreements, sealed motions and sealed hearings are closed 18 to the public and press).

19 The Court finds that the parties' proposed Stipulated Protective Order does not 20 satisfy the "good cause" requirement of Rule 26(c) because of its overly broad nature and its 21 stipulated designation that lawyers, not judges, decide what should be sealed nor does it meet 22 established Ninth Circuit precedent to overcome the strong presumption of openness by 23 showing "compelling reasons" why exhibits related to dispositive motions and trial should 24 be sealed.

25 Accordingly,

26 **IT IS ORDERED** that the parties' Joint Motion for Entry of Stipulated 27 Protective Order, docket # 12, is **DENIED** without prejudice. Any documents which counsel 28 desire to be sealed via a sealed or unsealed amended motion for protective order, in

1 compliance with this Order, shall comply with the District Court's ECF Administrative
2 Policies and Procedures Manual, II (I) at 15 - 17.

3     DATED this 5th day of March, 2008.

*(signature)*
Lawrence O. Anderson
United States Magistrate Judge