WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Franco Belizare, ) | No. CV-07-1988-PHX-FMJ (LOA) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Corrections Corporation of America, ) | |
| Defendant. ) | |

This matter arises on the parties' Joint Motion to Extend Deadlines, docket # 22, set in the February 28, 2008 Amended Scheduling and Discovery Order. Counsel request an extension of 120 days "of all remaining deadlines." (docket # 22 at 1)  The basis for the extensions are "timing and scheduling conflicts; the need to conduct further written discovery prior to depositions; and the need to schedule a psychiatric and medical evaluation of Plaintiff prior to depositions." *Id*.

Although this is a § 1983 prisoner case, both sides are represented by counsel. The lawsuit was initially filed in Pinal County Superior Court on September 7, 2007 and removed to federal court on October 16, 2007. (docket # 1) The reasons counsel predicate the basis for the extensions are really no different or unusual than what any counsel experience in a typical civil case such as this.

The Ninth Circuit has made clear that the Rule 16 deadlines are "to be taken seriously." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Counsel have

1 known since the initial September 28, 2007 Scheduling Order that there was a dispositive
2 motion and other deadlines and that they needed to manage this case accordingly. Because
3 he is represented by counsel, Plaintiff does not face the unique challenges of representing
4 himself while incarcerated.  See, *Rand v. Rowland*, 154 F.3d 952, 958 (9th Cir. 1998) (en
5 banc) (noting that "*pro se* prisoner litigants . . . face[ ] the unique handicaps of incarceration"
6 and that "confinement makes compliance with procedural deadlines difficult because of
7 restrictions on the prisoner's ability to monitor the lawsuit's progress." (emphasis in
8 original)).

9 While the Court is sympathetic with counsels' challenges to manage this, or
10 any other case, the Civil Justice Reform Act,  28 U.S.C. §471 *et seq*, requires each district
11 court "to dispose of cases in an efficient and inexpensive manner." *Schwarzkopf*
12 *Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D.Del. 1992).
13 Moreover, Rule 1, FED.R.CIV.P., ("These rules . . . shall be construed and administered to
14 secure the just, *speedy*, and inexpensive determination of every action.") mandates that civil
15 cases be managed expeditiously but fairly. (emphasis added).

16 The Court will reluctantly partially grant the Motion and extend the deadlines
17 to less than the requested 120 days. Counsel are forewarned that these **deadlines are real**.
18 The parties are advised that the Court intends to enforce the deadlines set forth in this Order,
19 and should plan their litigation activities accordingly.  *Hostnut.Com, Inc.v. Go Daddy*
20 *Software, Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006). No additional extensions will be
21 granted of the Rule 16 deadlines absent a showing of extraordinary circumstances (like
22 death)[1] and the exercise of due diligence by both counsel in this case. Settlement negotiations
23 do not constitute extraordinary circumstances.
24 Accordingly,

---

27 [1] Definition used by the Honorable Frederic J. Martone in CV-06-2168-PHX-FJM.
28 (docket # 83 at 2)

**IT IS ORDERED** that the parties' Joint Motion to Extend Deadlines, docket # 22, is **GRANTED** in part and **DENIED** in part. Extensions to the Rule 16 deadlines shall be as follows:

1. **September 30, 2008** - Deadline to take and complete all depositions;

2. **September 30, 2008** - Deadline to complete all discovery;

3. **July 31, 2008** - Deadline to file motions to amend pleadings and/or join other parties; and

4. **October 31, 2008** - Deadline to file dispositive motions.

DATED this 27th day of May, 2008.

Lawrence O. Anderson
United States Magistrate Judge